PER CURIAM.
The State appeals an order granting appel-lee’s motion to dismiss a charge of conspiracy to traffic in cocaine. We reverse.
Here, the confidential informant phoned a former boyfriend, appellee (Robinson), to obtain cocaine for an undercover police officer posing as her “nephew.” The informant knew of Robinson’s drug dealing from their prior relationship.
The following evening, Robinson met with the undercover officer. Afterwards, Robin *131 son invited the informant to the beach, where they drank beer, kissed and embraced. The informant repeatedly told Robinson “business, first.” Robinson testified that his “actions in discussing cocaine with [the informant] and her nephew were due to me wanting to please her and with the understanding that our relationship was to be renewed and continue.”
Deciding the case prior to Munoz v. State, 629 So.2d 90 (Fla.1993), the trial court applied the objective entrapment test of Cruz v. State, 465 So.2d 516 (Fla.), cert, denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), and found Robinson was entrapped as a matter of law. Cruz, however, no longer controls.
In Munoz, the supreme court determined that section 777.201, Florida Statutes (1987), abolished the objective test of Cruz, a test which focuses on police activity leading up to an arrest. Munoz, 629 So.2d at 98-99. Munoz establishes the subjective entrapment test, which centers on the accused’s predisposition to engage in the charged offense.
The first question the subjective test poses is whether a government agent induced the accused to commit the offense charged. Id. at 99. Robinson met his burden, proving by a preponderance of the evidence, that the confidential informant induced him to meet with the undercover officer to discuss the drug deal.
The second question, under Munoz, is whether the accused was predisposed to commit the offense charged. Id. The accused must first establish lack of predisposition, after which the burden shifts to the prosecution to rebut this evidence beyond a reasonable doubt. Id. Where there is no disputed question of fact, the court has the authority to rule on the issue of predisposition as a matter of law. Id. at 100.
Here, Robinson claims by affidavit that when the informant phoned to request cocaine, he stated that he does not “do [drugs] anymore.” The informant’s testimony was to the contrary. According to the informant, Robinson told her on the phone that he was still “in the business,” referring to the drug trade.
Because there is a factual question of predisposition in dispute, the issue of entrapment should be submitted to the trier of fact. Id. Accordingly, we reverse the trial court’s dismissal and remand for further proceedings.
Reversed and remanded.